

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| MARIO ALIANO, ) | |
| ) | |
| Plaintiff, ) | 07 C 4108 |
| ) | |
| v. ) | |
| ) | Hon. Charles R. Norgle |
| TEXAS ROADHOUSE HOLDINGS LLC, ) | |
| a Kentucky limited liability company, ) | |
| individually, and d/b/a TEXAS ROADHOUSE; ) | |
| TEXAS ROADHOUSE, INC., a Delaware ) | |
| corporation, individually, and d/b/a ) | |
| TEXAS ROADHOUSE; and DOES 1-10, ) | |
| ) | |
| Defendants. ) | |

## OPINION AND ORDER

CHARLES R. NORGLE, District Judge

Before the court is Defendants' Motion to Dismiss Plaintiff's First Amended Class Action Complaint, filed pursuant to Federal Rule of Civil Procedure 12(b)(6). For the following reasons, the Motion is granted.

### I. BACKGROUND

Plaintiff Mario Aliano ("Aliano") filed his initial Class Action Complaint in the Northern District of Illinois on July 20, 2007. Aliano alleged violations of the Fair and Accurate Credit Transaction Act ("FACTA"), which provides, in part, that it is unlawful for merchants who accept credit or debit cards to issue receipts which display the last five digits of the card number or the card's expiration date. 15 U.S.C. § 1681c(g)(1). In his first Class Action Complaint, Aliano alleged that Defendants willfully violated FACTA by providing credit or debit card

1

receipts displaying either more than the last five digits of the card or the card's expiration date. Aliano sought statutory damages, attorney's fees, and costs.

On June 3, 2008, however, the Credit and Debit Card Receipt Clarification Act (the "Clarification Act") became effective. Under the Clarification Act, merchants who printed a credit or debit card's expiration date on a receipt issued between FACTA's effective date and the Clarification Act's effective date cannot be determined to have willfully violated FACTA if the merchant was otherwise compliant with FACTA. 15 U.S.C. § 1681n(d).

Apparently realizing that the Clarification Act doomed his initial Class Action Complaint, Aliano filed his First Amended Class Action Complaint (the "Amended Complaint") on July 18, 2008.[1] In his Amended Complaint, Aliano now alleges that Defendants negligently violated FACTA by printing receipts with more than the last five digits of credit or debit cards, or by printing receipts displaying a card's expiration date. In the Amended Complaint, Aliano alleges that he suffered actual damages by having to pay for credit monitoring services following Defendants' alleged violations.

Defendants filed their Motion to Dismiss on August 1, 2008. The Motion is fully briefed and before the court.

## II. DISCUSSION

### A. Standard of Review

In deciding a Rule 12(b)(6) motion, the court accepts all well-pleaded facts as true, and draws all reasonable inferences in favor of the plaintiff. See, e.g., Jackson v. E.J. Brach Corp.,

---

[1] Aliano seeks to represent a nationwide class of individuals in this action, but he has yet to file a motion for class certification.

176 F.3d 971, 977-78 (7th Cir. 1999). "The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims ... Rule 12(b)(6) should be employed only when the complaint does not present a legal claim." Smith v. Cash Store Mgmt., Inc., 195 F.3d 325, 327 (7th Cir. 1999); see Leatherman v. Tarrant County, 507 U.S. 163, 168 (1993) (the Federal Rules of Civil Procedure allow for a liberal system of notice pleading); Swierkiewicz v. Sorema N.A., 534 U.S. 506, 512 (2002) (a complaint must only include "fair notice of what the plaintiff's claim is and the grounds upon which it rests"); Alliant Energy Corp. v. Bie, 277 F.3d 916, 919 (7th Cir. 2002) ("A complaint need only state the nature of the claim, details can wait for later stages"). When reviewing a motion to dismiss under Rule 12(b)(6), the court therefore merely looks at the sufficiency of the complaint, Swierkiewicz, 534 U.S. at 508; Johnson v. Rivera, 272 F.3d 519, 520-21 (7th Cir. 2001), it does not decide whether the plaintiff has a winning claim. See McCormick v. City of Chicago, 230 F.3d 319, 323-26 (7th Cir. 2000) (analyzing Leatherman, 507 U.S. 163, and reversing the Rule 12(b)(6) dismissal of claims based on §§ 1981 & 1983).

The court recognizes, however, that the "old formula – that the complaint must not be dismissed unless it is beyond doubt without merit – was discarded by the Bell Atlantic decision." Limestone Dev. Corp. v. Vill. of Lamont, 520 F.3d 797, 803 (7th Cir. 2008) (citing Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955 (2007)). Following Bell Atlantic, a complaint will survive a motion to dismiss only when the complaint "contains enough detail, factual or argumentative, to indicate that the plaintiff has a substantial case." Limestone Dev. Corp., 520 F.3d at 802-03. The Seventh Circuit has indicated, however, that "Bell Atlantic must not be overread." Id. at 803. Although Bell Atlantic added a plausibility test to the old notice-pleading standard in

3

federal courts, the Supreme Court and the Seventh Circuit have reaffirmed that under Rule 8 "'[s]pecific facts are not necessary; the statement need only give the defendant fair notice of what the claim is and the grounds upon which it rests.'" Airborne Beepers & Video, Inc. v. AT&T Mobility LLC, 499 F.3d 663, 667 (7th Cir. 2007) (quoting Erickson v. Pardus, 127 S. Ct. 2197, 2200 (2007)). The Seventh Circuit has recently characterized two "easy-to-clear hurdles" that must now be overcome for a complaint to survive a 12(b)(6) motion to dismiss. E.E.O.C. v. Concentra Health Serv., Inc., 496 F.3d 773, 776 (7th Cir. 2007) (interpreting Bell Atlantic). First, the complaint must describe the claim in sufficient detail to give the defendant fair notice of what the claim is and the grounds upon which the claim rests. Id. Second, the allegations must plausibly suggest that the plaintiff has a right to relief, raising the possibility above a "speculative level;" if they do not, the plaintiff pleads itself out of court. Id.

## B. Defendants' Motion to Dismiss

Aliano brings this action pursuant to that portion of FACTA which provides that "no person that accepts credit cards or debit cards for the transaction of business shall print more than the last 5 digits of the card number or the expiration date upon any receipt provided to the cardholder at the point of the sale or transaction." 15 U.S.C. § 1681c(g)(1). As the court has noted, Aliano initially alleged that Defendants willfully violated this statute, and sought statutory damages. Following the enactment of the Clarification Act, Aliano amended his Complaint to allege Defendants' negligent violation of FACTA. Aliano now seeks actual damages in the form of payments he alleges that he has made to credit monitoring services.

Defendants first note that FACTA is a part of the Fair Credit and Reporting Act ("FCRA"), 15 U.S.C. § 1681 et seq., and that the remedies for negligent violations of the FCRA,

4

and therefore FACTA, are explained in 15 U.S.C. § 1681o(a)(1). Section 1681o(a)(1) provides that persons who negligently violate FACTA are liable for "actual damages sustained by the consumer as a result of the [violation]." Defendants then correctly point out that the only "actual" damages alleged by Aliano in his Amended Complaint are "having to pay money 'out-of-pocket' for credit monitoring services which were necessitated as a direct result of the Defendants' unlawful printing of Plaintiff's private information on the credit card receipt." Am. Compl., ¶ 14. Aliano does not allege than anyone ever obtained his credit card number as a result of Defendants' actions, that his credit card account(s) or bank account(s) were compromised, or that his identity or credit were harmed in any way. Defendants then assert that Aliano's alleged purchase of credit monitoring services does not constitute actual damages under case law interpreting FACTA and similar statutes. After surveying the relevant case law, the court agrees.

The Seventh Circuit, recently interpreting Indiana law, held that information security law claims are not viable absent actual theft of private information. Pisciotta v. Old Nat'l Bancorp, 499 F.3d 629, 639-40 (7th Cir. 2007) ("Without more than allegations of increased risk of future identity theft, the plaintiffs have not suffered a harm that the law is prepared to remedy."). In so holding, the Seventh Circuit cited a similar Western District of Michigan case in which the court explained that "[t]here is no existing Michigan statutory or case law authority to support plaintiff's position that the purchase of credit monitoring constitutes either actual damages or a cognizable loss." Hendricks v. DSW Shoe Warehouse, 444 F. Supp. 2d 775, 783 (W.D. Mich. 2006).

The Fifth Circuit, in a case this court finds instructive if not entirely on point, found that while the improper disclosure of consumer credit reports was actionable under the FCRA, the mere risk of improper disclosure did not present a cause of action. Washington v. CSC Credit Servs., 199 F.3d 263, 267 (5th Cir. 2000); see also Field v. Trans Union LLC, No. 01 C 6398, 2002 U.S. Dist. LEXIS 7973, at *17 (N.D. Ill. May 3, 2002) ("[Plaintiff] must demonstrate actual injury resulting from disclosure to a third-party of inaccurate credit information in a CSC credit report.").

Numerous district courts have also determined that private information security law claims under the FCRA and other similar statutes are not viable absent some actual loss of information or identity. An Eastern District of New York court, after noting that negligent violations of the FCRA allow a plaintiff to collect actual damages, explained that the notion of "actual damages" must include some disclosure of private information or some sort of "negative action" against the plaintiff. Trikas v. Universal Card Servs. Corp., 351 F. Supp. 2d 37, 45 (E.D.N.Y. 2005). "Plaintiff does not allege that third parties were aware of the open status of his account or that they took adverse action against him." Id. A Louisiana district court, interpreting the Louisiana Database Security Notification Law, found that plaintiff's failure to allege "that someone actually used the disclosed information to his detriment" was fatal to his case. Ponder v. Pfizer, Inc., 522 F. Supp. 2d 793, 798 (M.D. La. 2007). That court expressly found that "the burden and cost of credit monitoring" was not an actual damage actionable under the Louisiana statute. Id. at 796-98. The Louisiana court cited three other district courts that reached similar conclusions.

6

A federal district court in Michigan also dismissed a plaintiff's complaint for identity theft, holding that plaintiff's alleged damages – the 'purchase of a credit monitoring product' – were not 'actual damages or a cognizable loss.' Hendricks v. DSW Shoe Warehouse, Inc., 444 F. Supp. 2d 775 (W.D. Mich. 2006). In Forbes v. Wells Fargo Bank, N.A., 420 F. Supp. 2d 1018 (D. Minn. 2006), the district court rejected the breach of contract, breach of fiduciary duty and negligence claims, and held that the plaintiffs' 'expenditure of time and money' in 'monitoring their credit' does not constitute injury or damages because it 'was not the result of any present injury, but rather the anticipation of future injury that has not materialized.' Id. at 1020-21 (holding that plaintiffs' injuries are solely the result of a perceived risk of future harm, not from actual present injury). In Kahle v. Litton Loan Servicing, LP, 486 F. Supp. 2d 705 (S.D. Ohio 2007), the court held that plaintiff's damages – 'costs of purchasing a credit monitoring product' and 'time and money spent monitoring her credit' – were not recoverable as a matter of law because 'no unauthorized use of her personal information has occurred' and, thus, 'any injury of Plaintiff is purely speculative.' Id. at 709-12.

Two other district courts, in unpublished opinions, have also reached the conclusion that the purchase of credit monitoring services does not constitute actual damages in privacy law cases. Interpreting New York law, a Southern District of New York court reasoned

> [c]ourts have uniformly ruled that the time and expense of credit monitoring to combat an increased risk of future identity theft is not, in itself, an injury that the law is prepared to remedy. Plaintiff has not presented any case law or statute, from any jurisdiction, indicating otherwise. Plaintiff's alleged injuries are solely the result of a perceived and speculative risk of future injury that may never occur. Plaintiff has failed to show an resulting actual injury that might support a claim for damages.

Shafran v. Harley-Davidson, Inc., No. 07-1365, 2008 U.S. Dist. LEXIS 22494, at *8-9 (S.D.N.Y. Mar. 24, 2008). Finally, in a case directly on point, Judge Darrah in the Northern District of Illinois granted a motion to dismiss where the plaintiff alleged a negligent violation of 15 U.S.C. § 1681c(g)(1), and sought damages for the cost of credit monitoring services. Harris v. Wal-Mart Stores, Inc., No. 07-2561, 2008 WL 5085132 (N.D. Ill. Nov. 25, 2008). Judge Darrah reasoned that Congress, in enacting the Clarification Act, expressed "an unequivocal intent . . . to

bar FACTA claims based on the printing of credit card expiration dates in the absence of actual harm to a plaintiff's credit or identity, including § 1681o claims." Id. at *2.

The court finds the reasoning in all of the above cases persuasive. Aliano does not allege that he has been actually harmed by Defendants' actions. Instead, Aliano alleges only that he has purchased credit monitoring services in order to guard against harms that may or may not occur in the future. The court holds that, following the enactment of the Clarification Act, such an allegation is insufficient to state a cause of action under 15 U.S.C. § 1681c(g)(1). Aliano's First Amended Class Action Complaint therefore does not state a claim upon which relief can be granted.

### III. CONCLUSION

For the foregoing reasons, Defendants' Motion to Dismiss is granted.

IT IS SO ORDERED.

ENTER:

_____
CHARLES RONALD NORGLE, Judge
United States District Court

DATED: December 23, 2008